# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE PENN TRAFFIC COMPANY, | § | Case No. 09-14078 (___) |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| SUNRISE PROPERTIES, INC., | § | Case No. 09-14079 (___) |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| PENNWAY EXPRESS, INC., | § | Case No. 09-14080 (___) |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| PENNY CURTISS BAKING COMPANY, INC., | § | Case No. 09-14082 (___) |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BIG M SUPERMARKETS, INC., | § | Case No. 09-14083 (___) |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| COMMANDER FOODS INC., | § | Case No. 09-14084 (___) |
| | § | |
| Debtor. | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| P AND C FOOD MARKETS INC. OF VERMONT, | § | Case No. 09-14085 (___) |
| | § | |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **P.T. DEVELOPMENT, LLC,** | § | **Case No. 09-14086 (___)** |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **P.T. FAYETTEVILLE/UTICA, LLC,** | § | **Case No. 09-14087 (___)** |
| | § | |
| Debtor. | § | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
FED. R. BANKR. P. 1015(b), 11 U.S.C. § 101(2), AND DEL. BANKR. L R. 1015-1
DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED
CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

The Penn Traffic Company, Sunrise Properties, Inc., Pennway Express, Inc., Penny Curtiss Baking Company, Inc., Big M Supermarkets, Inc., Commander Foods Inc., P and C Food Markets Inc. of Vermont, P.T. Development, LLC, and P.T. Fayetteville/Utica, LLC (collectively, "Penn Traffic" or the "Debtors"), as debtors in possession, file this Motion for Entry of an Order Pursuant to FED. R. BANKR. P. 1015(b), 11 U.S.C. § 101(2), and Delaware Bankr. L.R. 1015-1 Directing Joint Administration of the Debtors' Related chapter 11 Cases and Granting Related Relief (the "Motion"), and respectfully request the following:

## I. PRELIMINARY STATEMENT

1. Through this Motion, the Debtors are requesting that their nine (9) chapter 11 bankruptcy cases be jointly administered pursuant to Rule 1015 and Local Rule 1015-1.

2. In order to maintain their business as going concerns pending the sale process through which the Debtors seek to maximize the value of their estates for creditors, the Debtors respectfully request joint administration of their chapter 11 cases.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and section 101(2) of title 11 of the United States Code (the "Bankruptcy Code").

## III. BACKGROUND

5. On November 18, 2009 (the "Petition Date"), the Debtors commenced their reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors are continuing in possession of their assets and are operating their businesses, as debtors in possession, pursuant to Bankruptcy Code sections 1107 and 1108.

7. On the Petition Date, Penn Traffic filed the Declaration of Ronald F. Stengel, in Support of First Day Relief (the "Stengel Declaration"), which is incorporated herein by reference and shall constitute in part, the evidentiary support for the Motion.

## IV. RELIEF REQUESTED

8. The Debtors are requesting an order pursuant to Bankruptcy Rule 1015(b), Local Rule 1015-1, and Bankruptcy Code section 101(2), directing joint administration of their respective related chapter 11 cases.

9. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases to "aid in expediting the cases and rendering the process less costly." *See* FED. R. BANKR. P. 1015(b). The Penn Traffic Company is the direct or indirect parent of each of the other Debtors. As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Rules 1015(b) and Bankruptcy Code section 101(2). The Stengel Declaration establishes that joint administration of the Debtors' chapter 11 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related; (b) will ease the administrative burden of the Court and all parties in interest; and (c) protects creditors of the estates of different Debtors against potential conflicts of interest.

10. In order to optimally and economically administer the Debtors' nine pending chapter 11 cases, they should be jointly administered, for procedural purposes only, under the case number assigned to The Penn Traffic Company. Many of the motions, hearings and orders in the chapter 11 cases will affect each and every Debtor and their estates. Joint administration will reduce fees and costs and ease the onerous administrative burden of having to file multiple (and in many cases duplicative) documents.

11. The rights of the creditors of each of the respective Debtors will not be adversely affected by joint administration of the chapter 11 cases because this Motion requests only administrative consolidation of the Debtors' estates, and the Debtors are not at this time seeking substantive consolidation. For example, any creditor may still file a claim against a particular Debtor or its estate, or multiple Debtors and their respective estates. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative

files. Moreover, the clerk's office will similarly benefit from joint administration. Finally, supervision of the administration aspects of the chapter 11 cases by the Office of the United States Trustee will be simplified.

12. By reason of the foregoing, the interests of the Debtors, their creditors and other parties in interest would be best served by joint administration of the chapter 11 cases. Accordingly, the Debtors request that the caption of the chapter 11 cases be modified to reflect their joint administration, as follows:

IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **THE PENN TRAFFIC COMPANY,** *ET AL.*[*] | § § | **Case No. 09-14078 (___)** |
| **Debtors.** | § § | **Jointly Administered** |

13. The Debtors request that a docket entry shall be made in each of the above-captioned cases substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 Cases of The Penn Traffic Company, Sunrise Properties, Inc., Pennway Express, Inc., Penny Curtiss Baking Company, Inc., Big M Supermarkets, Inc., Commander Foods Inc., P and C Food Markets Inc. of Vermont, P.T. Development, LLC, and P.T. Fayetteville/Utica, LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 09-14078.

---

[*] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: The Penn Traffic Company (6800), Sunrise Properties, Inc. (4868), Pennway Express, Inc. (0863), Penny Curtiss Baking Company, Inc. (6750), Big M Supermarkets, Inc. (8022), Commander Foods Inc. (8023), P and C Food Markets Inc. of Vermont (5531), P.T. Development, LLC (8594), and P.T. Fayetteville/Utica, LLC (8582). The mailing address for all Debtors is: P.O. Box 4737, Syracuse, NY 13221-4737.

14. The Debtors also request that the Court enter an order that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly administered case.

## V. APPLICABLE AUTHORITY

15. Bankruptcy Rule 1015(b) provides, in pertinent part, as follows:

> Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against …. (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

FED. R. BANKR. P. 1015(b).

16. Local Rule 1015-1 provides in relevant part as follows:

> If two or more petitions are pending in the same Court by or against … a debtor and an affiliate, the Court may order a joint administration of the estates, without notice or hearing. An order for joint administration may be entered upon the filing of a motion for joint administration, together with an affidavit or verification, which establishes that the joint administration of the respective debtors' estates is warranted, will ease the administrative burden for the Court and the parties and protects creditors of different estates against potential conflicts of interest.

DEL. BANKR. L.R. 1015-1.

17. Bankruptcy Code section 101(2) defines "affiliate" to include:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…. [or]
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor….

11 U.S.C. § 101(2).

18. As noted above, the Debtors are wholly-owned direct and indirect subsidiaries of The Penn Traffic Company, the ultimate parent company. The Debtors are, therefore, affiliates within the meaning of Bankruptcy Code section 101(2). Accordingly, this Court has the authority to grant the relief requested in this Motion.

19. Pursuant to Local Rule 1015-1, the Debtors have filed the Stengel Declaration contemporaneously herewith. The Stengel Declaration establishes that the joint administration of the respective Debtors' estates is warranted and will ease the administrative burden for the Court and the parties in interest.

20. Joint administration of these chapter 11 cases will permit the clerk of the Court to utilize a single docket for these cases and combine notice to creditors of the Debtors' respective estates and other parties in interest. Further, entry by this Court of an order directing joint administration will avoid the incurrence by the Debtors of considerable and unnecessary time and expense in connection with, among other things, the Debtors' filing and service of duplicative motions and notices on creditors and other parties in interest. Joint administration will also enable the parties in interest in these chapter 11 cases to be apprised of the various matters before the Court in all of these chapter 11 cases.

## VI. NO PRIOR REQUEST

21. No prior request for relief sought in this Motion has been made to this or any other Court.

## VII. NOTICE

22. No Trustee or examiner has been appointed in the Debtors' Chapter 11 cases. Notice of the Motion has been provided to (a) the Office of the United States Trustee, (b) those parties listed on the consolidated list of creditors holding the thirty (30) largest unsecured claims

against the Debtors, and (c) counsel to the prepetition secured lenders. The Debtors submit that under the circumstances, no further notice is necessary.

## VIII. CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order, substantially in the form attached hereto as **Exhibit A**, directing the joint administration of the chapter 11 cases and (ii) grant such other and further relief as may be just and proper.

Dated: November 18, 2009
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s Gregory W. Werkheiser*
Eric D. Schwartz (Del. No. 3134)
Gregory W. Werkheiser (Del. No. 3553)
Ann C. Cordo (Del. No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: 302.658.9200
Facsimile: 302.658.3989
eschwartz@mnat.com
gwerkheiser@mnat.com
acordo@mnat.com

-and-

HAYNES AND BOONE, LLP
Lenard M. Parkins (NY 4579124)
Michael E. Foreman (NY 2043248)
Abigail Ottmers (TX 24037225)
1221 Avenue of the Americas, 26th Floor
New York, NY 10020
Telephone: 212.659.7300
Facsimile: 212.918.8989
lenard.parkins@haynesboone.com
michael.foreman@haynesboone.com
abigail.ottmers@haynesboone.com

*Proposed Counsel for the Debtors and Debtors in Possession*