# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **THE PENN TRAFFIC COMPANY, <u>et al.</u>,**[1] | ) | Case No. 09-14078 (PJW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related to Docket No. _____ |

### ORDER AUTHORIZING RETENTION OF
### FTI CONSULTING, INC. AS FINANCIAL ADVISORS
### FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### NUNC PRO TUNC TO DECEMBER 2, 2009

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. and its wholly owned subsidiaries (collectively "FTI") as financial advisors; and upon the Affidavit of Steven Simms in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interests in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is hereby

       ORDERED that the Application be, and it hereby is, granted; and it is further

       ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application; and it is further

       ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI as of December 2, 2009 as their financial advisors on the terms set forth in the Application; and it is further

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: The Penn Traffic Company (6800), Sunrise Properties, Inc. (4868), Pennway Express, Inc. (0863), Penny Curtiss Baking Company, Inc. (6750), Big M Supermarkets, Inc. (8022), Commander Foods Inc. (8023), P and C Food Markets Inc. of Vermont (5531), P.T. Development, LLC (8594), and P.T. Fayetteville/Utica, LLC (8582). The mailing address for all Debtors is: P.O. Box 4737, Syracuse, NY 13221-4737.

ORDERED that FTI shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and local bankruptcy rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court; and it is further

ORDERED that pursuant to the preceding paragraph, FTI is entitled to reimbursement of actual and necessary expenses, including any reasonable legal fees incurred for FTI's defense of its retention and fee applications in this matter, subject to Court approval; and it is further

ORDERED that the following indemnification provisions be approved:

a. subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

b. the Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors

may not pay any such amounts to FTI before the entry of an order by this Court approving the payment.  This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 2010

_____
 HONORABLE PETER J. WALSH
 UNITED STATES BANKRUPTCY JUDGE