IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE PENN TRAFFIC COMPANY, *ET AL.*[1]<br><br>Debtors. | § Chapter 11<br>§<br>§ Case No. 09-14078 (PJW)<br>§<br>§ Jointly Administered<br>§<br>§ Re: D.I. 301<br>§ |

## ORDER (I) APPROVING COMPROMISES OF CLAIMS BETWEEN THE DEBTORS AND (A) C&S WHOLESALE GROCERS, INC. AND (B) THE UFCW LOCAL ONE PENSION FUND; (II) APPROVING AGREEMENT BETWEEN C&S WHOLESALE GROCERS, INC. AND THE DEBTORS; AND (III) APPROVING AGREEMENT BETWEEN UNITED FOOD AND COMMERCIAL, LOCAL ONE, THE UFCW LOCAL ONE PENSION FUND, TOPS MARKETS, LLC AND THE DEBTORS

Upon the motion (as modified by the Notice of Filing of Revised Exhibit I to Emergency Motion for Orders Approving a Global Sale Transaction with Tops Markets, LLC and Other Related Relief (the "Notice"), the "Motion") of The Penn Traffic Company, Sunrise Properties, Inc., Pennway Express, Inc., Penny Curtiss Baking Company, Inc., Big M Supermarkets, Inc., Commander Foods Inc., P and C Food Markets Inc. of Vermont, P.T. Development, LLC, and P.T. Fayetteville/Utica, LLC (collectively, the "Debtors") for entry of this order (the "Order"), as more fully described herein and in the Motion approving the Compromises of Claims,[2] the C&S Agreement, and the UFCW Agreement, pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019, and adequate notice of the Motion having been given as set forth herein; and it appearing that no other or further notice is necessary; and the Court having determined that

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: The Penn Traffic Company (6800), Sunrise Properties, Inc. (4868), Pennway Express, Inc. (0863), Penny Curtiss Baking Company, Inc. (6750), Big M Supermarkets, Inc. (8022), Commander Foods Inc. (8023), P and C Food Markets Inc. of Vermont (5531), P.T. Development, LLC (8594), and P.T. Fayetteville/Utica, LLC (8582). The mailing address for all Debtors is: P.O. Box 4737, Syracuse, NY 13221-4737.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and in the Notice. In the event a conflict between the Motion and the Notice, the defined terms in the Notice shall control.

consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having further determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates, and their creditors; and upon the record in these proceedings, including a hearing on the Motion held on January 25, 2010; and after due deliberation;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Court approves the Compromises of Claims with C&S Wholesale Grocers, Inc. as being in the best interests of the Debtors, their estates, and their creditors.

3. The Court approves the terms of the UFCW Pension Fund Claim Compromise as being in the best interests of the Debtors, their estates, and their creditors.

4. The Debtors are authorized and directed, pursuant to sections 105 and 363 of the Bankruptcy Code, to enter into the C&S Agreement by and among the Debtors, Tops and C&S. A copy of the C&S Agreement is attached as Exhibit 1 to this Order, in redacted form as set forth in this Court's Order Authorizing the Debtors to (A) File Under Seal Schedules A, 2(C)-3, and 3(A) to the C&S Agreement and (B) Redact Certain Portions of the C&S Agreement (DI 315). The Debtors are authorized and directed to take all actions contemplated in the complete, unredacted, C&S Agreement, which is hereby approved and authorized in all respects.

5. The Debtors are authorized and directed, pursuant to sections 105 and 363 of the Bankruptcy Code, to enter into the UFCW Agreement (a copy of which is attached as Exhibit 2 to this Order) and the Stipulation Concerning Withdrawal Liability Claims of UFCW Local One Pension Fund Against Debtors (a copy of which is attached as Exhibit 3 to this Order) (the "Stipulation"), each of which is by and among the Debtors, Tops, UFCW Local One and the

UFCW Local One Pension Fund. The Debtors are authorized and directed to take all actions contemplated in the UFCW Agreement and the Stipulation, each of which is hereby approved and authorized in all respects; provided, however, that the UFCW Pension Fund Claim Compromise shall be effective and binding on the parties only upon the satisfaction in full of all conditions therefor set forth in the Stipulation.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _Jan. 25_, 2010
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE