# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------X

In re:                                              :        Chapter 11

THE PENN TRAFFIC COMPANY, ET AL        :

                                                    :        CASE NO. 09-14078
                                                             JOINTLY ADMINISTERED
                                                    :
                    **Debtors**                      :
-------------------------------------------------------X

### DECLARATION OF MAILING NOTIFYING TRANSFEROR(S) AND TRANSFEREE(S)
### REGARDING NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (1)
### and/or (e) (2)

STATE OF   <u>NEW YORK</u>          )
                                  )        **SS:**
COUNTY OF <u>NEW YORK</u>          )

I, <u>Tina Carr</u> declare:

1.     I am over the age of 18 years and not a party to the within action.

2.     I am employed by Donlin, Recano and Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

3.     On the <u>29th</u> day of January, 2010, I received a copy of the Notice of Transfer of Claim ownership for Docket No(s). <u>#473, 474, 476, 477, 478 and 489</u> as printed from the docket maintained by the court for the captioned debtor.

4.     On the <u>1st</u> day of February, 2010, I sent a copy of the Notice of Transfer of Claim ownership pursuant to FRBP 3001 (e) (1) and/or (e) (2) to the Transferor and Transferee via first class mail, postage prepaid and by depositing same in a mail box maintained by the U.S. Postal Service.

5.     I declare under penalty of perjury that the foregoing is true and correct. Executed this <u>1st</u> day of February, 2010 at New York, New York.

By _Tina Carr_
                                                    Tina Carr

Sworn before me this
<u>1st</u> day of <u>February</u> 2010

_Jung Jae Kim_
     Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6211176
COMM. EXP. _September 14, 2013_

Form 210B (12/09)

# United States Bankruptcy Court

## District of Delaware

In re THE PENN TRAFFIC COMPANY, et al  Case No. 09-14078

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 1-26-10 (date).

HOBART SALES & SERVICE
Name of Transferor

Address of Alleged Transferor:
4813 PITTSBURGH AVENUE
ERIE, PA 16509

CLAIMS RECOVERY GROUP LLC
Name of Transferee

Address of Transferee:
92 UNION AVENUE
CRESSKILL, NJ 07626

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Donlin, Recano & Company, Inc.
as Agent for the
USBC - District of Delaware

Date: 1-29-10

CLERK OF THE COURT

# United States Bankruptcy Court

## For the District of Delaware



### In re The Penn Traffic Company, Et Al. , Case No. 09-14078 (PJW)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Claims Recovery Group LLC | Hobart Sales & Service |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Claims Recovery Group LLC
92 Union Avenue
Cresskill, NJ 07626 Phone:

Phone: (201) 266-6988
Last Four Digits of Acct#:_____

Court Claim # (if known):

Amount of Claim: $2,656.40
Date Claim Filed:

Last Four Digits of Acct#:_____

Name and Address where Transferee payments should be sent (if different from above);
SAME AS ABOVE

DONLIN, RECANO & CO.

JAN 29 2010

CLAIMS PROCESSING DEPT

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/ Allison R. Axenrod_____ Date:__Tuesday, January 26, 2010_____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court

For the District of Delaware

**In re The Penn Traffic Company, Et Al.  , Case No. 09-14078 (PJW)**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on January 26, 2010.

Claims Recovery Group LLC
Transferee

Hobart Sales & Service
Transferor

92 Union Avenue, Cresskill, NJ 07626
Address of Transferee

4813 Pittsburgh Ave  , Erie  PA 16509
Address of Transferor

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.
Date:_____  _____

**CLERK OF THE COURT**

# CLAIM PURCHASE AGREEMENT

Assignment of Claim. Hobart Sales & Service (hereinafter "Seller"), with a principal address of 4813 Pittsburgh Ave , Erie , PA 16509 , for good and valuable consideration in the sum of XXXXXX (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to Claims Recovery Group LLC, and any of its successors, assigns or designees (hereinafter "Purchaser"), all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims (the "Claim"), against The Penn Traffic Company or any of its co-debtor subsidiaries or affiliates (collectively, the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 09-14078 (PJW) (the "Case"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence, in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with and/or in satisfaction of the Claim, including, without limitation, "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an aggregate amount not less than $2,656.40 (the "Claim Amount").

Proof of Claim. Seller represents and warrants that (check one):
(i)  ____  a proof of claim in the amount of $ _____ (the "Proof of Claim Amount"), a copy of which is annexed hereto, has been duly and timely filed in the Case; or
(ii)  ____  no proof of claim has been filed.

The term "Proof of Claim" shall include: (a) any and all multiple Proofs of Claim filed by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount set forth above, Purchaser shall nevertheless be deemed the owner of the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. The Parties further agree that, if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be proportionately reduced as set forth below.

Representations; Warranties and Covenants. Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party and neither Seller, nor any other third party, has received any payment or other distribution, in full or partial satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed, listed on the Debtor's schedule of liability or any amendment thereto (collectively, the "Schedules"), or threatened; (e) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or Section 101 (32) of the Bankruptcy Code; and (h) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies for any such misrepresentation, breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution") including, without limitation, a "Restitution Payment", as further defined below plus reasonable attorneys fees and costs.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller acknowledges that, except as set forth herein, neither Purchaser nor any agent or representative of Purchaser has made any representation whatsoever to Seller regarding the status of the Case, the condition of Debtor or any other matter relating to the Case, the Debtor or the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Purchaser, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Execution of Agreement. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser and (b) the Agreement is executed by an authorized representative of Purchaser.

Consent and Waiver. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections thereto pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount. To the extent that the Claim is disallowed, subordinated, objected to, offset, the subject of a preference demand or otherwise impaired for any reason whatsoever in whole or in part, including, without limitation, due to a breach of this Agreement, and/or (ii) the Claim is not listed on the Schedules, or listed on the Schedules as unliquidated, contingent or disputed, or listed on the Schedules in a lesser amount than the Claim Amount, Seller agrees to make to Purchaser immediate proportional Restitution and repayment of the Purchase Price (the "Restitution Payment"), together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Agreement through the date such repayment is made. Seller further agrees to reimburse Purchaser for all costs, and expenses, including reasonable legal fees and costs, incurred by Purchaser as a result of such disallowance. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

Notices (including Voting Ballots) Received by Seller; Further Cooperation. Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Claim and to direct

---

[1] To the extent that Seller is agreeing to transfer more than one claim pursuant to this Agreement, the amounts of each claim as listed in the Debtors' Schedules are provided in an attachment hereto.

any payments or distributions, or any form of Recovery on account of the Claim, to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery Received/Delayed by Seller. In the event Seller by its' actions or omissions (including not forwarding proper notices as stated above), (i) receives any distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of ten (10%) percent per annum, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

Authorizations. Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to prove or defend the Claim.

Indemnification. Seller agrees to indemnify Purchaser from (a) all losses, damages and liabilities, including reasonable attorneys fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, (b) any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim, and/or (c) litigation arising out of or in connection with the enforcement of this Agreement.

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Agreement may be brought in any State or Federal court located in the State of New York, and Seller consents to and confers personal jurisdiction over Seller by such court or courts and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address set forth in this Agreement, and in any action hereunder the Seller and Purchaser each waive the right to demand a trial by jury.

Miscellaneous. Seller agrees that the terms of this Agreement are confidential and may not be disclosed without Purchaser's prior written consent. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand 01/25/2010.
ATTEST:

By: /s/ Martin Cassano
    Signature                   Telephone #

    Martin Cassano / Owner

    Print Name/Title        Fax #              Email

Hobart Sales & Service

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand January 26, 2010.
ATTEST:

By: /s/ Robert Axenrod
    Robert Axenrod,
    Claims Recovery Group LLC

**Form 210B (12/09)**

# United States Bankruptcy Court

## District of Delaware

In re THE PENN TRAFFIC COMPANY, et al          Case No. 09-14078

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 1-26-10 (date).


JTB MECHANICAL INC.                    CLAIMS RECOVERY GROUP LLC
Name of Transferor                     Name of Transferee

Address of Alleged Transferor:         Address of Transferee:
600 WILLARDSHIRE ROAD                  92 UNION AVENUE
ORCHARD PARK,NY 14127                  CRESSKILL, NJ 07626


~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Donlin, Recano & Company, Inc.
as Agent for the
USBC - District of Delaware

Date: 1-29-10

CLERK OF THE COURT

# United States Bankruptcy Court

For the District of Delaware



### In re The Penn Traffic Company, Et Al. , Case No. 09-14078 (PJW)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Claims Recovery Group LLC
Name of Transferee

Jtb Mechanical Inc
Name of Transferor

Name and Address where notices to transferee should be sent:

Court Claim # (if known):

Amount of Claim: $4,014.93
Date Claim Filed:

Claims Recovery Group LLC
92 Union Avenue
Cresskill, NJ 07626 Phone:

Phone: (201) 266-6988
Last Four Digits of Acct#:_____

Last Four Digits of Acct#:_____

Name and Address where Transferee payments should be sent (if different from above);
SAME AS ABOVE

DONLIN, RECANO & CO.

JAN 29 2010

CLAIMS PROCESSING DEPT

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:____/s/ Allison R. Axenrod_____    Date:__Tuesday, January 26, 2010____
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (10/06)

# United States Bankruptcy Court

For the District of Delaware

**In re The Penn Traffic Company, Et Al. , Case No. 09-14078 (PJW)**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the
alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim
Other than for Security in the clerk's office of this court on January 26, 2010.

Claims Recovery Group LLC
Transferee

Jtb Mechanical Inc
Transferor

92 Union Avenue, Cresskill, NJ 07626
Address of Transferee

600 Willardshire Rd , Orchard Park NY 14127
Address of Transferor

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court
within twenty (20) days of the mailing of this notice. If no objection is timely received by the court,
the transferee will be substituted as the original claimant without further order of the court.
Date:_____

**CLERK OF THE COURT**

## CLAIM PURCHASE AGREEMENT

Assignment of Claim. Jtb Mechanical Inc (hereinafter "Seller"), with a principal address of 600 Willardshire Rd , Orchard Park , NY 14127 , for good and valuable consideration in the sum of XXXXXX (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to Claims Recovery Group LLC, and any of its successors, assigns or designees (hereinafter "Purchaser"), all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims (the "Claim"), against The Penn Traffic Company or any of its co-debtor subsidiaries or affiliates (collectively, the "Debtor"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 09-14078 (PJW) (the "Case"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence, in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with and/or in satisfaction of the Claim, including, without limitation, "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). This Claim Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an aggregate amount not less than $4,014.93 (the "Claim Amount").

Proof of Claim. Seller represents and warrants that (check one):
(i) _____ a proof of claim in the amount of $ _____ (the "Proof of Claim Amount"), a copy of which is annexed hereto, has been duly and timely filed in the Case; or
(ii) _____ no proof of claim has been filed.

The term "Proof of Claim" shall include: (a) any and all multiple Proofs of Claim filed by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount set forth above, Purchaser shall nevertheless be deemed the owner of the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. The Parties further agree that, if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be proportionately reduced as set forth below.

Representations: Warranties and Covenants. Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including, without limitation, pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party and neither Seller, nor any other third party, has received any payment or other distribution, in full or partial satisfaction of, or in connection with, the Claim; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed, listed on the Debtor's schedule of liability or any amendment thereto (collectively, the "Schedules"), or threatened; (e) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds; (g) Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or Section 101 (32) of the Bankruptcy Code; and (h) Seller is not an "insider" of the Debtor, as set forth in § 101(31) of the Bankruptcy Code, or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies for any such misrepresentation, breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution") including, without limitation, a "Restitution Payment", as further defined below plus reasonable attorneys fees and costs.

Seller is aware that the Purchase Price may differ from the amount ultimately distributed in the Case with respect to the Claim. Seller acknowledges that, except as set forth herein, neither Purchaser nor any agent or representative of Purchaser has made any representation whatsoever to Seller regarding the status of the Case, the condition of Debtor or any other matter relating to the Case, the Debtor or the Claim. Seller represents that it has adequate information concerning the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Purchaser, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into this Agreement.

Execution of Agreement. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser and (b) the Agreement is executed by an authorized representative of Purchaser.

Consent and Waiver. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections thereto pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount. To the extent that the Claim is disallowed, subordinated, objected to, offset, the subject of a preference demand or otherwise impaired for any reason whatsoever in whole or in part, including, without limitation, due to a breach of this Agreement, and/or (ii) the Claim is not listed on the Schedules, or listed on the Schedules as unliquidated, contingent or disputed, or listed on the Schedules in a lesser amount than the Claim Amount, Seller agrees to make to Purchaser immediate proportional Restitution and repayment of the Purchase Price (the "Restitution Payment"), together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this Agreement through the date such repayment is made. Seller further agrees to reimburse Purchaser for all costs, and expenses, including reasonable legal fees and costs, incurred by Purchaser as a result of such disallowance. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

Notices (including Voting Ballots) Received by Seller: Further Cooperation. Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any third party regarding the Claim and to take such other action, with respect to the Claim, as Purchaser may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Claim and to direct

---

[1] To the extent that Seller is agreeing to transfer more than one claim pursuant to this Agreement, the amounts of each claim as listed in the Debtors' Schedules are provided in an attachment hereto.

any payments or distributions, or any form of Recovery on account of the Claim, to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

Recovery Received/Delayed by Seller. In the event Seller by its' actions or omissions (including not forwarding proper notices as stated above), (i) receives any distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of ten (10%) percent per annum, of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

Authorizations. Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or may hereafter become, due and payable on account of the Claim. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to prove or defend the Claim.

Indemnification. Seller agrees to indemnify Purchaser from (a) all losses, damages and liabilities, including reasonable attorneys fees and expenses, which result from Seller's breach of any representation, warranty or covenant set forth herein, (b) any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim, and/or (c) litigation arising out of or in connection with the enforcement of this Agreement.

Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Agreement may be brought in any State or Federal court located in the State of New York, and Seller consents to and confers personal jurisdiction over Seller by such court or courts and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address set forth in this Agreement, and in any action hereunder the Seller and Purchaser each waive the right to demand a trial by jury.

Miscellaneous. Seller agrees that the terms of this Agreement are confidential and may not be disclosed without Purchaser's prior written consent. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party expressly acknowledges and agrees that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement may be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand  01/25/2010.
ATTEST:

By: /s/ Kevin Burkley
_____     _____
Signature                  Telephone #

Kevin Burkley /
_____     _____          _____
Print Name/Title           Fax #                            Email

Jtb Mechanical Inc

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand  January 26, 2010.
ATTEST:

By: /s/ Robert Axenrod
_____
Robert Axenrod,
Claims Recovery Group LLC

Form 210B (12/09)

# United States Bankruptcy Court

## District of Delaware

In re THE PENN TRAFFIC COMPANY, et al       Case No. 09-14078

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 1-26-10 (date).

TRAVERS COLLINS AND COMPANY
Name of Transferor

Address of Alleged Transferor:
726 EXCHANGE STREET
BUFFALO, NY 14210

CORRE OPPORTUNITIES FUND, LP
Name of Transferee

Address of Transferee:
1370 AVENUE OF THE AMERICAS
29TH FLOOR
NEW YORK, NY 10019

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Donlin, Recano & Company, Inc.
as Agent for the
USBC - District of Delaware

Date: 1-29-10

_____
CLERK OF THE COURT

# United States Bankruptcy Court

District Of Delaware

In re:   **The Penn Traffic Company, et al.**          Case No. **09-14078**

Court ID (Court use only)_____

# NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee
**Corre Opportunities Fund, L.P.**

Name of Transferor
**Travers Collins And Company**

Name and Address where notices to transferee should be sent:

**Corre Opportunities Fund, L.P.
1370 Avenue of the Americas, 29th Fl.
New York, NY  10019
Attn: Claims Processing (Bankruptcy)**

Court Record Address of Transferor
(Court Use Only)

Phone:
(917) 322-6418

Last Four Digits of Account #:_____

Last Four Digits of Account #:_____

Name and Address where transferee payments
should be sent (if different from above)

DONLIN, RECANO & CO.

JAN 2 9 2010

Name and Current Address of Transferor
**Travers Collins And Company
726 Exchange St.
Buffalo, NY  14210**

Claim Amount:          **$22,284.11**

Phone: *Same as Above*          CLAIMS PROCESSING DEPT

Phone:

Last Four Digits of Account #:_____

Last Four Digits of Account #:_____

Court Claim # (if known):

Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/David P. Tonner____          Date:          **1/26/2010**
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
| --- |

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____          _____
                                                      **CLERK OF THE COURT**

# NOTICE OF CLAIMS PURCHASE AGREEMENT

TRAVERS COLLINS AND COMPANY, a(n) New York Corporation, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto CORRE OPPORTUNITIES FUND, LP, a Delaware limited partnership, its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller in the principal amount of $27,010.36 (proof of claim amount, defined as the "Claim") against THE PENN TRAFFIC COMPANY et. al. (the "Debtor" ) together with interest, if any, in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case Number 09-14078 (defined as the "Proceedings").

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the ____26____ day of ____January____, 2010.

WITNESS _Cheryl Lickfeld_
(Signature)

Cheryl Lickfeld, CFO
(Print Name and Title of Witness)

Travers Collins & Company, Inc.
(Company Name)

_____
(Signature of Corporate Officer)

William Collins, Principal
(Print Name and Title of Corporate Officer)

CORRE OPPORTUNITIES FUND, LP

WITNESS _John Brant_
(Signature)

_____
(Signature of Fund Representative)

_____
(Print Name, Corre Opportunities Fund, LP)

Exhibit "A"

Form 210B (12/09)

# United States Bankruptcy Court

## District of Delaware

In re THE PENN TRAFFIC COMPANY, et al          Case No. 09-14078

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the
alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim
Other than for Security in the clerk's office of this court on 1-26-10 (date).

T.D.H. REFRIGERATION, INC.                    CORRE OPPORTUNITIES FUND, LP
Name of Transferor                            Name of Transferee

Address of Alleged Transferor:                Address of Transferee:
55 BOXWOOD LANE                               1370 AVENUE OF THE AMERICAS
CHEEKTOWAGA, NY 14227                         29TH FLOOR
                                              NEW YORK, NY 10019

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within
**twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the
transferee will be substituted as the original claimant without further order of the court.

                                    Lecano & Company, Inc.
                                    as Agent for the
                                    ___ - District of Delaware

Date: 1-29-10                       _____
                                    CLERK OF THE COURT

# United States Bankruptcy Court

#477
1-26-10

### District Of Delaware

In re:   **The Penn Traffic Company, et al.**          Case No. **09-14078**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee
**Corre Opportunities Fund, L.P.**

Name of Transferor
**T.D.H. Refrigeration, Inc.**

Name and Address where notices to transferee should be sent:

**Corre Opportunities Fund, L.P.**
**1370 Avenue of the Americas, 29th Fl.**
**New York, NY 10019**
**Attn: Claims Processing (Bankruptcy)**

Court Record Address of Transferor
(Court Use Only)

Phone:
(917) 322-6418

Last Four Digits of Account #:_____

Last Four Digits of Account #:_____

Name and Address where transferee payments
should be sent (if different from above)

DONLIN, RECANO & CO.

JAN 2 9 2010

Phone: *Same as Above*

CLAIMS PROCESSING DEPT

Last Four Digits of Account #:_____

Name and Current Address of Transferor
**T.D.H. Refrigeration, Inc.**
**55 Boxwood Lane**
**Cheektowaga, NY 14227**

Claim Amount:          **$10,503.19**

Phone:

Last Four Digits of Account #:_____

Court Claim # (if known):

Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/David P. Tonner____          Date:          **1/26/2010**
Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
| --- |

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____          _____
                                             **CLERK OF THE COURT**

## NOTICE OF CLAIMS PURCHASE AGREEMENT

T.D.H. REFRIGERATION INC, a(n) New York Corporation, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto CORRE OPPORTUNITIES FUND, LP, a Delaware limited partnership, its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller in the principal amount of $10,303.19 (proof of claim amount, defined as the "Claim") against THE PENN TRAFFIC COMPANY et. al. (the "Debtor" ) together with interest, if any, in the United States Bankruptcy Court, District of Delaware, or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case Number 09-14078 (defined as the "Proceedings").

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the _26th_ day of _January_ , 2010.

WITNESS _____
(Signature)

_Jack Genovese, Controller_
(Print Name and Title of Witness)

_TDH Refrigeration Inc._
(Company Name)

_____
(Signature of Corporate Officer)

_John S. Lyon    CEo_
(Print Name and Title of Corporate Officer)

WITNESS _____
(Signature)

CORRE OPPORTUNITIES FUND, LP

_____
(Signature of Fund Representative)

_Eric Soder_
(Print Name, Corre Opportunities Fund, LP)

## Exhibit "A"

**Form 210B (12/09)**

# United States Bankruptcy Court

## District of Delaware

In re THE PENN TRAFFIC COMPANY, et al          Case No. 09-14078

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 1-26-10 (date).

PETERSON REFRIGERATION & AC
COMMERCIAL SERVICE INSTALLATION
Name of Transferor

CORRE OPPORTUNITIES FUND, LP
Name of Transferee

Address of Alleged Transferor:
22 FIELD STREET
KANE, PA 16735

Address of Transferee:
1370 AVENUE OF THE AMERICAS
29TH FLOOR
NEW YORK, NY 10019

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: 1-29-10

Donlin, Recano & Company, Inc.
as Agent for the
USBC - District of Delaware
CLERK OF THE COURT

# United States Bankruptcy Court

### District Of Delaware

#479
1-20-10

In re: **The Penn Traffic Company, et al.**          Case No. **09-14078**

Court ID (Court use only)_____

# NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee
**Corre Opportunities Fund, L.P.**

Name of Transferor
**Peterson Refrigeration & AC
Commercial Service Installation**

Name and Address where notices to transferee should be sent:

**Corre Opportunities Fund, L.P.
1370 Avenue of the Americas, 29ᵗʰ Fl.
New York, NY 10019
Attn: Claims Processing (Bankruptcy)**

Court Record Address of Transferor
(Court Use Only)

Phone:
(917) 322-6418

Last Four Digits of Account #:_____

Last Four Digits of Account #:_____

Name and Address where transferee payments
should be sent (if different from above)

DOHLIN, REGANO & CO.

JAN 29 2010

Phone: *Same as Above*

Last Four Digits of Account #:_____CLAIMS PROCESSING DEPT

Name and Current Address of Transferor
**Peterson Refrigeration & AC
Commercial Service Installation
22 Field St.
Kane, PA 16735**

Claim Amount:          **$49,358.02**

Phone:

Last Four Digits of Account #:_____

Court Claim # (if known):

Date Claim Filed:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/David P. Tonner____
Transferee/Transferee's Agent

Date:          **1/26/2010**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____          _____
                                                                **CLERK OF THE COURT**

## NOTICE OF CLAIMS PURCHASE AGREEMENT

Peterson Refrigeration & AC, a(n) Pennsylvania Corporation, its successors and assigns ("Seller"), for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, does hereby absolutely and unconditionally sell and transfer unto CORRE OPPORTUNITIES FUND, LP, a Delaware limited partnership, its successors and assigns ("Buyer") all rights, title and interest in and to the claim(s) of Seller in the principal amount of $49,358.02 (proof of claim amount, defined as the "Claim") against THE PENN TRAFFIC COMPANY (the "Debtor" ) together with interest, if any, in the United States Bankruptcy Court. , or any other court with jurisdiction over the Proceedings (the "Court"), Administered at Case Number 09-14078 (PJW) (defined as the "Proceedings").

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Claims Purchase Agreement as an unconditional sale and the Buyer herein as the valid owner of the Claim.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by its duly authorized representative dated the _____ day of ___January___ , 2010.

Peterson Refrigeration + A/C Inc
(Company Name)

WITNESS _____
(Signature)

Susan Peterson officestaff
(Print Name and Title of Witness)

_____
(Signature of Corporate Officer)

Timothy H. Peterson President
(Print Name and Title of Corporate Officer)

CORRE OPPORTUNITIES FUND, LP

WITNESS _____
(Signature)

_____
(Signature of Fund Representative)

Eric Soderlund
(Print Name, Corre Opportunities Fund, LP)

Exhibit "A"

Form 210B (12/09)

# United States Bankruptcy Court

## District of Delaware

In re THE PENN TRAFFIC COMPANY, et al          Case No. 09-14078

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 1-28-10 (date).

ASCEND SOFTWARE, INC.          CREDITOR LIQUIDITY, L.P.
Name of Transferor                     Name of Transferee

Address of Alleged Transferor:          Address of Transferee:
P.O. BOX 60157, SUITE 350              200 BUSINESS PARK DRIVE
BREA, CA 92821-6797                     SUITE 200
                                        ARMONK, NY 10504

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: 1-29-10

Epiq, Recano & Company, Inc.
as Agent for the
USBC - District of Delaware

CLERK OF THE COURT

United States Bankruptcy Court
District of Delaware


# 489
1-28-10

In re: The Penn Traffic Company, et al., Jointly Administered, Case No. 09-14078

NOTICE OF TRANSFER OF CLAIM APPEARING IN THE DEBTOR'S SCHEDULES PURSUANT TO
F.R.B.P. 3001(e)(1)

**To Transferor**     **ASCEND SOFTWARE, INC.**     **Schedule F**
                      P.O.BOX 60157 SUITE 350        **Amount of Claim $1,875.00**
                      BREA, CA 92821-6797

**Name of Transferee** where notices and payments to transferee should be sent:

Creditor Liquidity, L.P.
200 Business Park Drive, Suite 200
Armonk, New York 10504
Phone: (914) 514-8300

No action is required. Assignor hereby waives any notice of hearing requirements imposed by Rule 3001 of the
Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an
unconditional assignment and the Assignee herein as the valid owner of the Claim.

United States Bankruptcy Court
District of Delaware
3rd Floor
824 North Market Street
Wilmington, DE 19801

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of
my knowledge and belief.

By  /s/ Robert J. Tannor_____          Dated:  1/26/10
Creditor Liquidity, L.P.

DONLIN, RECANO & CO.

JAN 2 9 2010

CLAIMS PROCESSING DEPT

## Evidence of Transfer

ASCEND SOFTWARE, INC. ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby unconditionally and irrevocably sell, transfer and assign unto Creditor Liquidity, LP, 200 Business Park Drive, Suite 200, Armonk, New York, 10504, its successors and assigns ("Assignee"), all rights, title and interest in and to the claims of Assignor in the aggregate amount of $1,875.00 as stated in the Proof of Claim and or Debtor's schedules against The Penn Traffic Company, et al., Jointly Administered in the United States Bankruptcy Court, District of Delaware ("the Court"), Case no. 09-14078 or any other court with jurisdiction.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise and initialed by the Assignee.

IN WITNESS WHEREOF, dated the 25 day of January 2010

By: _____
(Signature of Authorized Party)

_Ascend Software_
(Company Name)

_Jacinta Blathner_
(Print name of Authorized Party)

By: _____ /s/ Robert J. Tannor _____
Robert J. Tannor

_____ Creditor Liquidity, LP _____

_____ 914-514-8300 _____
(Telephone Number)