**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| § | | |
| T<small>HE</small> P<small>ENN</small> T<small>RAFFIC</small> C<small>OMPANY</small>, *<small>ET AL</small>.*[1] § | **Case No. 09-14078 (PJW)** | |
| § | | |
| **Debtors.** § | **Jointly Administered** | |
| § | | |
| § | | |
| § | | |
| P<small>RICE</small> C<small>HOPPER</small> O<small>PERATING</small> C<small>O</small>., I<small>NC</small>., § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | **Adv. Pro. No. 10-50151 (PJW)** | |
| § | | |
| T<small>HE</small> P<small>ENN</small> T<small>RAFFIC</small> C<small>OMPANY</small>, *<small>ET AL</small>.*, § | | |
| § | **Hearing Date: June 25, 2010 at 10:30 a.m. (PROPOSED)** | |
| **Defendants.** § | **Objection Deadline: June 22, 2010 at 4:00 p.m. (PROPOSED)** | |

**DEBTORS' MOTION FOR AN ORDER APPROVING STIPULATION OF SETTLEMENT BETWEEN THE PENN TRAFFIC COMPANY, ET AL. AND PRICE CHOPPER OPERATING CO., INC.**

The Penn Traffic Company, Sunrise Properties, Inc., Pennway Express, Inc., Penny Curtiss Baking Company, Inc., Big M Supermarkets, Inc., Commander Foods Inc., P and C Food Markets Inc. of Vermont, P.T. Development, LLC, and P.T. Fayetteville/Utica, LLC (collectively, the "Debtors"), as debtors in possession, file this motion (the "Motion"), for the entry of an order substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) approving

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: The Penn Traffic Company (6800), Sunrise Properties, Inc. (4868), Pennway Express, Inc. (0863), Penny Curtiss Baking Company, Inc. (6750), Big M Supermarkets, Inc. (8022), Commander Foods Inc. (8023), P and C Food Markets Inc. of Vermont (5531), P.T. Development, LLC (8594), and P.T. Fayetteville/Utica, LLC (8582). The mailing address for all Debtors is: P.O. Box 4737, Syracuse, NY 13221-4737.

the Stipulation of Settlement between the Debtors and Price Chopper Operating Co., Inc. ("Price Chopper"), attached hereto as **Exhibit B**, (the "Stipulation"); and (b) granting them such other and further relief as the Court deems just and proper. In support of this Motion, the Debtors respectfully represent as follows:

## I. RELIEF REQUESTED

1. By the Stipulation, the Debtors seek to resolve Price Chopper's complaint dated January 26, 2010 alleging breach of contract, negligent misrepresentation, promissory estoppel, equitable estoppel, and unjust enrichment, and seeking damages in the form of an administrative claim in the amount of $1,620,000.00. While the Debtors remain confident in their opposition to any such relief, the Debtors have determined, in consultation with the official unsecured creditors committee (the "Committee"), that it is in the best interests of the Debtors' estates to pay the settlement amount to Price Chopper pursuant to the Stipulation so as to end the litigation expense associated with this matter and to keep this litigation distraction from draining the resources and attention of the Debtors' estates during this post-sale winddown period.

## II. JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105 and 363 of the Bankruptcy Code, and Rules 2002, 6004, and 9019 of the Bankruptcy Rules.

## III. BACKGROUND

4. On November 18, 2009 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All of the

Debtors cases have been consolidated for administrative purposes only under Case No. 09-14078.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 15, 2009, the Debtors filed their Motion Under Bankruptcy Code Section 363 And 365 For Authority To (i) Sell The Debtors' Interests In Twenty-Two Supermarkets, Free And Clear Of Liens, Claims, Encumbrances And Interests; And (ii) Assume And Assign Certain Executory Contracts And Unexpired Leases Associated With The Supermarkets (the "Price Chopper 22 Stores Sale Motion") (D.I. 202) seeking entry of an order pursuant to Bankruptcy Code sections 363(b) of the Bankruptcy Code authorizing the Debtors to sell all of the Debtors' interest in 22 of its stores to Price Chopper, free and clear of any liens, claims, encumbrances and interests.

7. On January 8, 2010, the Debtors completed their negotiations with Tops for the sale of substantially all of the Debtors' assets, and the Debtors filed their Emergency Motion for Orders Approving a Global Sale Transaction with Tops Markets, LLC and Other Related Relief (the "Tops Sale Motion") (D.I. 301). By the Tops Sale Motion, the Debtors requested approval of, inter alia, certain bid procedures and bid protections, which were approved by the Court by Order entered on January 8, 2010 (the "Tops Bidding Procedures Order") (D.I. 314). The value of the transaction as finally negotiated in the morning of January 8, 2010 approached $100 million (the "Tops Transaction").

8. At the hearing on January 8, 2010, the Court approved the Tops Bidding Procedures Order. Thereafter, on the same date, the Debtors withdrew the Price Chopper 22 Stores Sale Motion. Through the Tops Bidding Procedures Order, a hearing was set to approve

the proposed Tops Transaction and the Proposed Tops APA (as defined in the Tops Sale Motion) for January 25, 2010.

9. On January 25, 2010, after the duly noticed sale hearing, the Court approved the Tops Transaction and entered an Order Approving Asset Purchase Agreement for the Sale of Substantially All of the Debtors' Assets Outside the Ordinary Course of Business, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (II) Approving Interim Operating Agreement; (III) Approving Transition Services Agreement; (IV) Approving C&S Agreement; and (V) Granting Related Relief (the "Sale Order") (D.I. 468).

10. On January 29, 2010, pursuant to the Sale Order, the Debtors completed the Tops Transaction and transferred substantially all of their assets to Tops pursuant to the terms of the Tops Sale Motion.

11. On January 26, 2010, Price Chopper commenced the present lawsuit with the filing of its Complaint in Adversary Proceeding Number 10-50151 (the "Price Chopper Adversary Proceeding"), alleging breach of contract, negligent misrepresentation, promissory estoppel, equitable estoppel, and unjust enrichment, and seeking damages in the form of an administrative claim in the amount of $1,620,000.00, which it suggests represents 3% of the purchase price it was prepared to pay, and thus a "standard break-up fee," as well as such other and further relief as is just and proper (D.I. 475).

12. On February 25, 2010, the Debtors filed their Motion to Dismiss the Complaint for Failure to State a Cause of Action pursuant to FED. R. CIV. P. 12(b)(6), or in the Alternative,

for Summary Judgment Pursuant to Rule 56(b) (the "Motion to Dismiss") (A.P.D.I. 8), to which Price Chopper filed its opposition in respect thereof ( A.P.D.I. 12-14).

13. On May 19, 2010, the Court sent a letter to the parties declining at that time to rule on the merits of the Motion to Dismiss (the "Court's Letter"). (A.P.D.I. 21). However, the Court made numerous "observations regarding [Price Chopper's] position that hopefully might result in a settlement disposition of this matter." *See* Court's Letter, pg 2.

14. Cognizant of the Court's desire that the parties attempt to find a negotiated solution, the Debtors and Price Chopper have consulted and have agreed in principle to the terms of the Stipulation, including the payment of $115,000 by the Debtors to Price Chopper in exchange for mutual releases of any and all claims relating to the subject matter of the Price Chopper Adversary Proceeding as a full and final settlement thereof.

## IV. BASIS FOR RELIEF

15. The Debtors seek an order granting the relief sought in this Motion pursuant to sections 105(a) and 363 of the Bankruptcy Code, and Rule 9019 of the Bankruptcy Rules. Bankruptcy Code section 105(a) provides, in pertinent part, that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

16. Section 363(b) of the Bankruptcy Code permits a debtor to use, sell, or lease the property of the estate outside of the ordinary course of business after notice and a hearing. 11 U.S.C. § 363. Section 363 applies when a settlement agreement involves the disposition of the estate's assets in such a way that it ventures beyond an ordinary course transaction. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394-95 (3d Cir. 1996).

17. Bankruptcy Rule 9019 provides, in pertinent part, that, "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Under this authority, the Third Circuit has emphasized that "[c]ompromises are favored in bankruptcy." *In re Martin*, 91 F.3d at 393 (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th Ed. 1993)). In addition, the District of Delaware has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004).

18. Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interest of the estate." *In re Key3Media Group, Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005); *In re Marvel Entm't Group*, 222 B.R. 243, 249 (D. Del. 1998) (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)); *see also In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). The court's obligation is to "canvass the issues and see whether the settlement falls below the lowest point in a range of reasonableness." *Travelers Cas. & Sur. Co. v. Future Claimants Representative*, No. 07-2785, 2008 WL 821088, at *5 (D.N.J. Mar. 25, 2008) (*citing In re Jasmine, Ltd.*, 258 B.R. 119 (D.N.J. 2000)); *Coram*, 315 B.R. at 330; *Official Unsecured Creditors' Comm. of Pa. Truck Lines v. Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992). The court need not be convinced that the settlement is the best possible compromise in order to approve it. *Coram*, 315 B.R. at 330.

19. In determining whether a settlement proposal is within the range of reasonableness the Third Circuit has set out four criteria that a bankruptcy court should consider

including: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393; *see also Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.),* 283 F.3d 159, 165 (3d Cir. 2002); *In re eToys, Inc.*, 331 B.R. 176, 198 (Bankr. D. Del. 2005). The ultimate inquiry is whether the compromise is fair, reasonable, and in the interest of the estate. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

20. The Debtors are confident that, if this matter were to proceed to trial, the Court would find that the Debtors had an obligation to the estate and its creditors to consider the unsolicited offer made by Tops and that they were within their rights in negotiating and accepting the Tops Offer. However, legal fees and expenses would be incurred in a trial, and the possibility of subsequent appellate proceedings would create a further drain on the Debtors' estate. Furthermore, such expenses would very likely exceed the amount of the proposed settlement payment. Under these circumstances, a negotiated settlement payment is the fastest and least expensive way to resolve the underlying dispute between the Parties and will preserve the most value for the creditors of the Debtors' estates. The Debtors have conferred with the Committee and have been advised that it is supportive of this proposed settlement.

21. In light of the foregoing, the Debtors submit that the settlement set forth in the Stipulation meets the requirements set out in *In re Martin* and *In re Louise's, Inc*. The amount to be paid by the Debtors to Price Chopper represents a reasonable solution arrived at through an arms-length negotiation which will protect the Debtors' estates from further expenses and inconvenience and preserve the maximum value for the Debtors' creditors.

## V. NOTICE

22. Notice of this Motion has been provided to: (i) counsel for Price Chopper; (ii) the Office of the United States Trustee; (iii) counsel for the Committee; and (iv) those parties requesting notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## VI. NO PRIOR REQUEST

23. No prior request for the relief sought herein has been made to this or any other court.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that this Court (i) grant this Motion and the relief requested herein; (ii) enter the proposed order attached hereto as **Exhibit A**; (iii) approval of the Stipulation attached hereto as **Exhibit B**; and (iv) grant such other and further relief as it deems just and proper.

Dated: June 16, 2010
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Ann C. Cordo*
Eric D. Schwartz (Del. No. 3134)
Gregory W. Werkheiser (Del. No. 3553)
Ann C. Cordo (Del. No. 4817)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: 302.658.9200
Facsimile: 302.658.3989
eschwartz@mnat.com
gwerkheiser@mnat.com
acordo@mnat.com

-and-

HAYNES AND BOONE, LLP
Lenard M. Parkins (NY 4579124)
Michael E. Foreman (NY 2043248)
Abigail Ottmers (TX 24037225)
1221 Avenue of the Americas, 26th Floor
New York, NY 10020
Telephone: 212.659.7300
Facsimile: 212.918.8989
lenard.parkins@haynesboone.com
michael.foreman@haynesboone.com
abigail.ottmers@haynesboone.com

*Counsel for the Debtors and Debtors in Possession*